**George BROCKEL, Plaintiff,**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.**

No. 18233.

Supreme Court of Utah.

Nov. 1, 1983.

DURHAM, Justice:

Plaintiff Brockel appeals from a decision of the Industrial Commission of Utah holding that Utah had authority to recover an overpayment of unemployment compensation benefits owed to the North Dakota Employment Security Office. We reverse.

In May 1981, Brockel filed a combined wage claim for unemployment benefits with the Utah Department of Employment Security. In his claim he reported employment in North Dakota and requested a transfer of wages. North Dakota returned the request for a transfer of wages with the notation that Brockel had not been employed during the period he reported. North Dakota also advised the Utah Department of Employment Security that it had overpaid Brockel $1,400 in benefits and

requested Utah's assistance in collecting this money. The Utah Department of Employment Security found Brockel to be eligible for benefits in the amount of $1,500. It advised Brockel that it was deducting the $1,400 overpayment from his claim to refund it to North Dakota. Brockel appealed this action to the appeals referee of the Utah Department of Employment Security. The referee found that Utah had authority to recover overpayments of other states under provisions of the Employment Security Manual corresponding to Interstate Arrangement For Combining Employment & Wages, 20 CFR § 616 (1983). The Utah Board of Review affirmed the decision of the Utah appeals referee. We must decide whether the laws of Utah grant such authority to the Utah Department of Employment Security.

The Federal Unemployment Tax Act provides for the states to participate in arrangements approved by the Secretary of Labor for the payment of unemployment benefits on the basis of combined wage claims from more than one state. 26 U.S.C. § 3304(a)(9)(B). The regulations implementing this act are found at 20 CFR § 616 (1983). U.C.A., 1953, § 35–4–21(a)(2) directs the Utah Industrial Commission to participate in these arrangements.

In 20 CFR § 616.8(e), a state paying unemployment benefits is directed to make deductions from the benefits that the state would otherwise pay the claimant "[i]f there is an overpayment outstanding in a *transferring State* and such *transferring State* so requests." (Emphasis added.) A "transferring state" is defined as "[a] State in which a Combined-Wage Claimant had covered employment and wages in the base period of a paying State, *and which transfers* such employment and wages to the paying State." 20 CFR § 616.6(f) (emphasis added). Brockel claims that because North Dakota had no wages or employment to transfer to Utah it was not a "transferring state" as defined in 20 CFR § 616.6(f), and thus his claim is not a combined wage claim with respect to North Dakota. He asserts, therefore, that 20 CFR § 616 provides no authority for Utah to return overpayments to North Dakota. We agree.

The Utah Department of Employment Security concedes this point on appeal. It nevertheless asserts for the first time the argument that Utah has authority to return the overpayment under U.C.A., 1953, § 35–4–21(c). Section 35–4–21(c) is a general provision that authorizes the Utah Industrial Commission to exchange information and services with other states. However, a different provision of the same section, U.C.A., 1953, § 35–4–21(b), specifically authorizes the Utah Industrial Commission to make and receive reimbursements from other state or federal agencies in accordance with specific arrangements entered into pursuant to § 35–4–21(a). The provisions of 20 CFR § 616 contain the only arrangements currently in force. We hold that the specific language of subsection (b) prohibits the use of the general language of subsection (c) to give authority to the Utah Industrial Commission to make reimbursements to other states that would not be otherwise authorized under § 35–4–21(a). As the Commission did not have the authority to make the reimbursement under 20 CFR § 616, it had no such authority at all. Reversed.

HALL, C.J., and OAKS, STEWART and HOWE, JJ., concur.